**STEPHEN P. WHITE**
ATTORNEY AT LAW
*California State Bar No. 125276*
750 B Street, Suite 1760
San Diego, California 92101
Telephone: (619) 702-3753
E-mail: SPWhite@attyspwhite.com

Attorney for Defendant
Alfonso Navarro

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALFONSO NAVARRO, <br><br> Defendant. | Case No. 3:24-CR-01605-JES <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> Date:  November 8, 2024 <br> Time:  9:00 AM <br><br> The Honorable James E. Simmons, Jr. |

Defendant ALFONSO NAVARRO, by and through his counsel, Stephen P. White, hereby respectfully submits *Defendant's Sentencing Memorandum*, which is based on the files and records of this case.

### I.

### INTRODUCTION

Defendant Alfonso Navarro (hereinafter "Mr. Navarro") is before the Court for sentencing after having pled guilty to the one-count Information charging him with importation of a mixture and substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Sections 952 and 960,  a Class C felony.  The offense was committed on or about July 12, 2024.  Mr. Navarro was arrested that same date and has been in continuous federal custody.

1

Mr. Navarro is 46-years-old and a Naturalized United States citizen. He financially supports his ex-wife and their three children and his current wife and their two children. His wife is pregnant with their child and is due to give birth in December 2024. Mr. Navarro committed the instant offense for financial reasons after his income was significantly reduced and he could no longer support his two families. It was an impulsive decision by Mr. Navarro at a time when he was consuming alcohol and smoking marijuana. The instant offense is Mr. Navarro's first criminal conviction and first contact with the criminal justice system. The defense requests that he participate in the Residential Drug and Alcohol Program (RDAP) through the Bureau of Prisons (BOP).

Mr. Navarro has accepted responsibility for his actions and expressed sincere remorse and deep regret for becoming involved in the offense. He was stressed by his unpaid bills and committed the offense to earn money. He now realizes he should have looked for other ways to earn money honestly.

The defense recommends that the Court sentence Mr. Navarro to no more than 24 months in custody, three years of supervised release, no fine, and a $100 special assessment. The relevant factors in this case support these recommendations and it is a sentence that is "sufficient but not greater than necessary," to comply with the goals of sentencing set forth in Title 18, United States Code, Section 3553(a).

## II.

## SENTENCING RECOMMENDATION

**A.   CALCULATION OF THE ADVISORY GUIDELINE RANGE**

**1.   Plea Agreement Summarized**

In the written plea agreement the parties agreed to recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

     1.   Base Offense Level, USSG § 2D1.1                                     38

     2.   Importation of Methamphetamine, USSG § 2D1.1(b)(5)   +2
        (If defendant is not subject to an adjustment for
         role under § 3B1.2).

24cr1605-JES

> 3.   Safety Valve, if applicable, USSG §§ 2D1.1(b)(18)    -2
>       and 5C1.2
>
> 4.   Acceptance of Responsibility, USSG § 3E1.1(a) & (b)    -3
>
> 5.   Departure for Fast Track, USSG § 5K3.1    -4

In addition, the parties agreed that Mr. Navarro may request or recommend additional downward adjustments, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

**2.   Base Offense Level, U.S.S.G. §§ 2D1.1(c)(1) and (a)(5)(iii).**

The parties agree Mr. Navarro has a base offense level of 38, based upon the amount of methamphetamine involved in this case, pursuant to U.S.S.G. § 2D1.1(c)(1), which is reduced four-levels to level 34, pursuant to U.S.S.G. § 2D1.1(a)(5)(iii), since Mr. Navarro had a minor role in the offense, pursuant to U.S.S.G. § 3B1.2(b).

**3.   Safety Valve, U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2.**

The parties agree Mr. Navarro is eligible for and has satisfied all the provisions of safety valve, pursuant to U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2, and should receive the 2-level downward adjustment.

**4.   Minor Role, U.S.S.G. § 3B1.2(b).**

The parties agree Mr. Navarro had a minor role in the offense and should receive the 2-level downward adjustment for his minor role, pursuant to U.S.S.G. § 3B1.2(b). Mr. Navarro had limited knowledge and understanding of the scope and structure of the drug trafficking organization and was recruited to only perform a certain task, to drive a vehicle across with border with an unknown quantity and type of an illegal substance concealed in the vehicle.  He was a low-level courier who operated at the behest of another.

**5.   Zero Criminal History, U.S.S.G. § 4C1.1.**

Mr. Navarro is a "zero point offender" and his offense level should be reduced 2-levels, pursuant to U.S.S.G. § 4C1.1, following the 3-point reduction for Acceptance of Responsibility.

24cr1605-JES

**6.    Criminal History.**

Mr. Navarro has a criminal history score of 0, which results in a Criminal History Category of I.  The instant offense is his first criminal conviction.

**7.    Downward Departures.**

In the plea agreement the government agreed to recommend a 4-level downward departure for Fast Track, pursuant to U.S.S.G. § 5K3.1.  The defense recommends an additional 4-level downward departure for Mr. Navarro's family ties and responsibilities, pursuant to U.S.S.G. § 5H1.5; physical conditions, pursuant to U.S.S.G. § 5H1.4; and/or under a combination of factors, pursuant to U.S.S.G. § 5K2.0.

**A.    *Family Ties and Responsibilities, U.S.S.G. § 5H1.6***

Section 5H1.6 of the Sentencing Guidelines notes that family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted but a departure may be warranted based on the loss of essential caretaking or financial support for the defendant's family. The defense believes that a downward departure is warranted in Mr. Navarro's case.

Mr. Navarro  was married to his first wife in 2002 and they divorced in 2018. They had three children together, who are students and reside with their mother in Yuma, Arizona.  Mr. Navarro is close to his children and visits them weekly and pays $1700 monthly in spousal support and child support.

Mr. Navarro his second and current wife in 2021 and they have two children and are expecting their third in December.  His wife also has a 9-year-old daughter that Mr. Navarro helps raise.  He has a good relationship with his wife and children.  Since his arrest, his wife and children have been residing with her mother in Mexicali, Mexico, and sells food to earn money to support the family.

Mr. Navarro committed the instant offense after his employer since 2010 cut his income five months prior and he was struggling to financially support both of his families.

/ / /

4

24cr1605-JES

Accordingly, this Court should grant him a downward departure due to his family ties and responsibilities, pursuant to U.S.S.G. § 5H1.6, or under a combination of factors theory.

**B.    *Physical Conditions, Including Drug Dependence or Abuse, § 5H1.4***

A defendant's physical condition, including drug or alcohol dependence or abuse, may warrant a downward departure, under U.S.S.G.§ 5H1.4, although drug or alcohol dependence or abuse ordinarily is not a reason for a downward departure. However, a departure may be warranted if the condition, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. *Id.*

Mr. Navarro has a history of alcohol and drug abuse. He began consuming alcohol ten years ago at the age of 36 and his consumption increased after his divorce in 2018. He began smoking marijuana at the age of 38 and continued smoking and drinking alcohol until the day prior to his arrest in this case. He hid his alcohol and marijuana use from his family. Mr. Navarro admits to having a problem with alcohol and marijuana and would like to participate in a substance abuse program.

Mr. Navarro's history of alcohol and drug abuse should be considered and, pursuant to U.S.S.G. § 5H1.4, a downward departure should be granted.

For the above reasons, the defense respectfully requests that this Court grant an additional 4-level downward departure for Mr. Navarro to offense level 17, or a variance under 18 U.S.C. § 3553(a). This request is consistent with the sentencing factors of Title 18, United States Code, section 3553(a), as discussed below.

**8.    Sentencing Guideline Range.**

A total adjusted offense level of 17 for Mr. Navarro and a Criminal History Category of I results in a sentencing guideline range of 24 to 30 months. After determining the final advisory guideline range, this Court must then determine what sentence is appropriate under 18 U.S.C. § 3553.

/ / /

5

24cr1605-JES

**B.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553**

The weight given various factors at sentencing under 18 U.S.C. § 3553(a) is within the district court's discretion. *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).  The defense recommends a variance based on the unique mitigating factors of this case, if necessary, to receive a sentence of 24 months in custody.

### 1.    Nature and Circumstances of the Offense.

The nature and circumstances of the instant offense are that on or about July 12, 2024, Mr. Navarro knowingly and intentionally drove a vehicle from Mexico into the United States through the Calexico, California, West Port of Entry (POE).  At the time he applied for entry into the United States, concealed within the vehicle was approximately 36.46 kilograms of methamphetamine, a Schedule II Controlled Substance.  At the time Mr. Navarro drove the vehicle into the United States through the POE, he knew that the vehicle contained methamphetamine, or some other federally controlled substance, and he intentionally brought these drugs into the United States.

### 2.    History and Characteristics of the Defendant.

Mr. Navarro is 46 years old and was born and raised in Michoacan, Mexico, the fourth child of his parents.  His police officer father was killed from a gunshot wound to the head when Mr. Navarro was  an infant.  His mother struggled financially to support the family.  They moved frequently and each of the children began to work at an early age to financially support the family.  His mother died in 2014.

Mr. Navarro went to school in Mexico and completed his high school diploma in 1997 in Tijuana, Mexico.  He attended Arizona Western College in Yuma, Arizona, from 2005 to 2007.

In 2008 Mr. Navarro became a naturalized United States citizen.

Mr. Navarro has worked as an office manager at Catpro in Yuma since 2010. However, five months before the instant offense his salary changed to a reduced hourly pay.  Previous employment was at Circuit City in Yuma from 2006 to 2009.

24cr1605-JES

As mentioned, Mr. Navarro is married to his second wife and expecting their third child in December,

**3.     Need to Provide Just Punishment and Respect for the Law.**

In considering a just punishment the Court should consider that any time in custody will provide just punishment and respect for the law.

**4.     To afford adequate deterrent for criminal conduct.**

A sentence of 24 months is adequate deterrence both specifically and generally when the Court considers Mr. Navarro's history and the facts in this case.

**5.     To Protect the Public from Further Crimes of the Defendant.**

As previously discussed above and based upon the nature and circumstances of the instant offense along with his history and characteristics, Mr. Navarro should not pose any danger to the public.

**6.     Need for the Sentence Imposed.**

Among the several factors included under 18 U.S.C. § 3553 (a) (2) is the need to reflect the seriousness of the offense and promote respect for the law.  In this case, Mr. Navarro voluntarily pled guilty and expressed sincere remorse and deep regret for his conduct.

**7.     Collateral Consequences**.

Mr. Navarro now has a federal felony drug conviction, which will negatively impact his future, including employment opportunities.  This court should take into consideration this additional collateral consequence of Mr. Navarro's criminal conviction.

**8.     Recommendation.**

A sentencing court should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S. Ct.568, 598 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)).

24cr1605-JES

Here, in considering Mr. Navarro as a unique individual and his human failings as exhibited in this case, the defense believes a mitigation of his punishment is warranted. The defense recommends that the Court sentence Mr. Navarro to no more than 24 months in custody as a sentence that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).  In addition, it recommended that Mr. Navarro participate in the Residential Drug and Alcohol Program (RDAP) through the Bureau of Prisons (BOP).

### III.

### CONCLUSION

For the foregoing reasons, defendant ALFONSO NAVARRO, by and through his counsel, Stephen P. White, respectfully requests that the Court sentence him to no more than 24 months in custody, three years of supervised release; no fine; and a $100 special assessment.

Dated:  November 1, 2024                    Respectfully submitted,


 s/ *Stephen P. White*
STEPHEN P. WHITE
Attorney for Defendant
Alfonso Navarro

24cr1605-JES